The Supreme Court affirmed the judgment of the Common Pleas on May 18, 1874, in the following opinion:
Per Curiam.
It is very clear that the money, which paid for the property in question was that of Mrs. Sidle. It is not doubted, this being so, that tire conveyance to her husband was for her use, which he executed by his conveyance to her. The point made is, that this money was paid by one who purchased her real estate, but to whom a valid conveyance was not made, by reason of her failure to make a separate acknowledgment required by *231 the Act of 1770. The purchaser went into possession under his deed and never has been ousted, and she has never made a, claim against him. The point, however, is not well taken, for it cannot be doubted that the money, paid by the purchaser of her estate was her money; whatever claim he might make-against her 011 the ground of the defect in his title, if indeed he could recover from her at all. Clearly it was not the money-of her husband. If not hers, it certainly was not his. As between him and her, or between his creditors and her, she alone-was the owner of the money. Hence when he conveyed toiler he conveyed nothing to which his creditors had any valid, claim. Even if the purchaser from her could recover from her the money she had received, her husband had no title to it, and would be bound to restore it to her, to enable her to refund it. In addition to the debt for which the property, was sold as Sheriff’s sale as the estate of her husband, arose long after the husband’s deed to his wife. When sold at Sheriff’s sale the-husband had no title in law or equity. On no ground, therefore,, was the plaintiff below entitled to recover the property from the tenants of Mrs. Sidle.-
Judgment affirmed.